RECEIPT # 52104
AMOUNT $ 150.00
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Aboud
DATE 12-1-03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CITY OF BOSTON,<br><br>Plaintiff,<br><br>v.<br><br>REINAUER TRANSPORTATION COMPANIES, LLC,<br><br>Defendant. | CIVIL ACTION NO:<br><br>03-12415-RWZ<br><br>MAGISTRATE JUDGE Bowler |

## COMPLAINT IN ADMIRALTY

1. This is an action by the City of Boston against Reinauer Transportation Companies, LLC ("Reinauer") to recover damages for direct physical harm to the fendering system of the Chelsea Street Bridge, a structure owned by the City of Boston. The bridge spans the Chelsea River and connects East Boston with the City of Chelsea.

### JURISDICTION

2. This action is within the Court's admiralty jurisdiction under 28 U.S.C. §1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

### PARTIES

3. Plaintiff City of Boston is a municipal corporation organized under the laws of the Commonwealth of Massachusetts. Plaintiff was on December 2, 2000, and is now, the owner of the Chelsea Street Bridge (the "Bridge"), including the fendering system.

4.      Defendant Reinauer is an entity organized under the laws of a foreign state with an office in Staten Island, New York. At all times relevant to this action, Reinauer owned, operated or controlled the tug DACE REINAUER.

## FACTS

5.      On December 2, 2000, the tank barge RTC-502 and the tug DACE REINAUER were traveling upstream together on the Chelsea River in the vicinity of the Bridge.

6.      As the tank barge RTC-502 and the tug DACE REINAUER were transiting the draw of the Bridge, the bow of said tank barge struck the top of the fendering system of the Bridge on the Chelsea side of the River, causing extensive damage to the fendering system and adjacent timber walkway that rests on top of the steel fender system.

7.      The allision between the barge and the fendering system described above occurred while the tank barge and tug were under the ownership, operation, and control of the defendant, Reinauer, and said allision was caused by the negligence of said defendant through its agents, servants, and employees who were in control of the tug DACE REINAUER and tank barge RTC-502 at the time of the allision.

8.      The City of Boston has suffered damage to its property as a result of the negligence of the defendant in connection with the foregoing allision. Based on the information presently available to it, the City of Boston estimates that its damages in this action exceed $290,000.

## **COUNT I**

*(Maritime Tort Against Reinauer Transportation Companies, LLC)*

9. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 8 of this complaint.

10. At the time of the foregoing allision, the tug DACE REINAUER and the tank barge RTC-502 were owned, operated, or controlled by Reinauer.

11. At the time of the foregoing allision, Reinauer failed to exercise reasonable care in the operation and control of the tug DACE REINAUER, and as a result of said defendant's negligence, the tank barge RTC-502 struck the fendering system of the Bridge and caused substantial physical damage to said structure.

12. As a result of Reinauer's negligence, the City of Boston has suffered harm.

13. The negligence of Reinauer constitutes a maritime tort, for which it is liable to the City of Boston.


**WHEREFORE**, plaintiff City of Boston requests the following relief:

1. that judgment enter in favor of plaintiff against defendant Reinauer on Count I in an amount sufficient to compensate City of Boston for the damages it has suffered as a result of the negligence of said defendant, plus interest, costs, and reasonable attorney's fees to the extent available under any applicable statute or law; and

2. that plaintiff City of Boston be granted such other and further relief as this Court deems just and proper.

By its attorneys,

*[signature]*

John J. Finn, BBO# 166060
FINN & FINN
2 Hayden Rowe Street
Hopkinton, MA 01748
(508) 497-5019

Dated: December 1, 2003