UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON<br><br>Plaintiff,<br><br>v.<br><br>REINAUER TRANSPORTATION COMPANIES, LLC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 03-12415(RWZ)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant Reinauer Transportation Companies, LLC, ("defendant"), hereby answers the plaintiff's complaint as follows:

1. The defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the plaintiff's complaint and calls upon plaintiff to prove same.

### JURISDICTION

2. Paragraph 2 of the Complaint sets forth allegations of law to which no response is required, and none is given. To the extent that they are intended to allege any liability or wrongdoing against the defendant, they are denied.

### PARTIES

3. The defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the plaintiff's complaint and calls upon plaintiff to prove same.

4.    Admitted.

## FACTS

5.    Admitted.

6-8.  Denied.

## COUNT I

(Maritime Tort Against Reinauer Transportation Companies, LLC)

9.    The defendant repeats its answers to Paragraphs 1-9 above and incorporates them herein by reference.

10.   Admitted.

11-13. Denied.

## FIRST DEFENSE

To the extent plaintiff suffered damages the same was caused by plaintiff's own negligence and failure to exercise reasonable case. Accordingly, plaintiff is barred from recovery and/or plaintiff's recovery must be reduced by its proportionate share of fault pursuant to M.G.L. c. 231, §85.

## SECOND DEFENSE

Pursuant to 46 app. U.S.C. § 183, damages of defendant are limited to the value of the vessels upon which the alleged accidents pleaded in the Complaint took place, said alleged accidents having occurred without privity or knowledge of said defendant.

## THIRD DEFENSE

The alleged collision arose from plaintiff's action in violation of law and, accordingly, plaintiff is barred from recovery.

2

## FOURTH DEFENSE

The plaintiff's alleged claims and damages should be barred or reduced because the plaintiff's failed to mitigate its damages.

## FIFTH DEFENSE

Plaintiff's recovery is barred by application of the Pennsylvania Rule.

## SIXTH DEFENSE

The plaintiff's alleged damages were caused by acts or omissions of persons whom the defendant exercised no control for whose conduct it bears no responsibility.

## SEVENTH DEFENSE

The plaintiff's alleged damages were caused by a superceding, intervening acts or omissions which were beyond the knowledge, control and responsibility of the defendant.

## EIGHTH DEFENSE

Any alleged acts or omissions by the defendant were not the proximate cause of the plaintiff's alleged damages.

## COUNTERCLAIM

1.    The United States Coast Guard undertook an investigation of the Chelsea Street Bridge pursuant to 33 U.S.C. 511-523, et. seq. ("the Truman-Hobbs Act"). In furtherance of its investigation and pursuant to the terms of the Truman-Hobbs Act, on August 19, 1992 a public hearing was conducted by the United States Coast Guard for the purpose of obtaining testimony as to whether the Chelsea Street Bridge constituted "an unreasonable obstruction to the free navigation of Chelsea Creek."

2. As result of its investigation and after having considered the testimony at said public hearing, on November 23, 1992, the United States Coast Guard issued an "Order to Alter" to the plaintiff as owner of the Chelsea Street Bridge. The order stated that the United States Coast Guard had determined that the Chelsea Street Bridge constituted "an unreasonable obstruction to navigation." The order directed the plaintiff to reconstruct the Chelsea Street bridge so as to significantly increase both the horizontal clearance and the vertical clearance of said bridge. The United States Coast Guard determined that the ordered reconstructed clearances were "necessary for the reasonable needs of navigation."

3. Despite the Order to Alter, plaintiff failed to reconstruct the bridge and has failed to abide by the United States Coast Guard's Order to Alter; plaintiff has failed to reconstruct the bridge so as to increase the horizontal or vertical clearances of the bridges.

4. Since the issuance of the United States Coast Guard's Order to Alter numerous vessels have collided with the Chelsea Street Bridge.

5. The Chelsea Street Bridge, as determined by the United States Coast Guard, constitutes an unreasonable obstruction to the free navigation of vessels on the Chelsea Creek.

6. Pursuant to 33 U.S.C. § 512, "[n]o bridge shall at any time unreasonably obstruct the free navigation of any navigable waters of the United States."

7. The collision occurred as a direct and sole result of the unreasonable obstruction to navigation on the Chelsea Creek caused by the Chelsea Street Bridge and without fault on the part of defendant.

8. As a result, plaintiff is liable to defendant for all damages caused by the collision to its vessels in the approximate amount of $50,000.

WHEREFORE, defendant demands judgment dismissing the Complaint, together with costs, disbursements and attorneys' fees, as well as judgment in favor of defendant on its counterclaim, and against plaintiff, together with costs, disbursements and attorneys' fees.

>REINAUER TRANSPORTATION
>COMPANIES, LLC,
>
>By Its Attorneys,
>
>*/s/ Timothy J. Duggan*
>Timothy J. Duggan, Esq. (BBO#545966)
>520 Providence Highway, Suite 4
>Norwood, MA 02062
>(781) 762-0077

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, on all counsel of record on February 11, 2005.

*/s/ Timothy J. Duggan*
Timothy J. Duggan