Duggan & Caccavaro
520 Providence Highway, Suite 4
Norwood, MA 02061
-and-
Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
Attorneys for Defendant
Reinauer Transportation Companies, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------X

City of Boston,

   Plaintiff,

  -against-

Reinauer Transportation Companies,
LLC,
   Defendant.

-------------------------------------------------X

Civil Action No.:
03-12415 (RWZ)

## AFFIDAVIT OF GINO A. ZONGHETTI

State of New York )
       ss.:
New York County )

  Gino A. Zonghetti, an attorney duly admitted *pro hac vice* in this case states under penalty of perjury as follows:

  1. I represent defendant Reinauer Transportation Companies, LLC ("Reinauer") in the above matter. I submit this affidavit in support of defendant Reinauer's motion for an order compelling plaintiff City of Boston to respond to interrogatories and a notice to produce served by Reinauer on March 28, 2005.

1

2. This law suit involves plaintiff's claim that a tug boat and barge operated by defendant Reinauer struck the Chelsea Street Bridge on or about December 2, 2000 causing substantial property damage. Defendant Reinauer denies fault and asserts any damage claimed by plaintiff is not attributable to Reinauer but was caused by other allisions with the bridge for which it may not be held liable. Also, in 1992 the United States Coast Guard determined the Chelsea Street Bridge to constitute a hazard to navigation and ordered the Boston to replace the bridge. The City of Boston has failed to comply with the order of the Coast Guard and defendant Reinauer alleges said failure and the concomitant continued hazard to navigation was the cause of the alleged allision and damage to the Chelsea Street Bridge.

3. On March 28, 2005, defendant Reinauer served upon counsel for the City of Boston interrogatories (Exhibit A) and a notice to produce (Exhibit B). Plaintiff failed to respond to the interrogatories in a timely fashion and your undersigned affiant contacted counsel for the City of Boston orally on several occasions to inquire into the status of plaintiff's responses. Each time, although counsel indicated that responses would be forthcoming, they were not. The undersigned affiant wrote counsel on several occasions, including by email on May 24, 2005 and August 12, 2005, 2005 requesting responses, but none were forthcoming (See Exhibit C). Plaintiff has not objected to any of the interrogatories or the notice to produce in question.

4. Defendant Reinauer respectfully requests that pursuant to Fed.R.Civ.P. 37 an order be entered compelling plaintiff to respond to Reinauer's interrogatories and the notice to produce by a date certain.

5. The parties have conferred orally concerning the matters at issue in this motion but resolution of the dispute has not been achieved in that plaintiff has continued in its default with respect to answering defendant's interrogatories and notice to produce.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: September 15, 2005

                        Kenny, Stearns & Zonghetti
                        Attorneys for Defendant
                        Reinauer Transportation
                        Companies, LLC

                        By: _____
                               Gino A. Zonghetti
                               (GAZ-2647)

                        Duggan & Caccavaro
                        520 Providence Highway, Suite 4
                        Norwood, MA 02061

To:    John J. Finn, Esq.
        Finn & Finn
        2 Hayden Rowe Street
        Hopkinton, Massachusetts 01748

**EXHIBIT A**

```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
------------------------------------------------------------X
CITY OF BOSTON,
```

                Plaintiff,

                                                      CIVIL ACTION NO:
- against-                                          CV-03-12415-RZW

REINAUER TRANSPORTATION
COMPANIES, LLC,                                  **INTERROGATORIES**

                Defendant,
------------------------------------------------------------X

Defendant Reinauer Transportation Companies, by their attorneys, Timothy J. Duggan, Esq., and Kenny, Stearns and Zonghetti, 26 Broadway, New York, New York 10004, pursuant to all applicable Federal Rules of Evidence and Local Rules, requests that plaintiff respond to the foregoing interrogatories in writing and under oath within the time set forth in said rules:

1. Identify by names, addresses, and telephone numbers any and all persons plaintiff claims has knowledge relevant to any subject matter in this lawsuit; including those said to be an eyewitness to plaintiff's allegations with respect to the incidents allegedly occurring on the following dates:

    a. September 8, 2000;

    b. December 2, 2000;

    c. December 8, 2000;

    d. September 5, 2001;

    e. February 26, 2004.

2. Identify by category the elements and the source of damage claimed by plaintiff for the alleged acts that occurred on

    a. September 8, 2000.

    b. December 2, 2000;

    c. December 8, 2000;

    d. September 5, 2001;

    e. February 26, 2004.

3. Identify the method by which the elements and sources of damage have been determined for each alleged incident of damage, including how apportionment of damage was established by plaintiff with respect to areas of the bridge which came into contact with more than one vessel.

4. Identify by names, addresses, and telephone numbers any and all persons involved in determining the elements and sources of damage for each alleged incident of damage.

5. Identify the amount of damage plaintiff claims as a result of each alleged incident of damage individually.

6. Identify the amount of damage plaintiff claims is a result of defendant's alleged conduct.

7. Specifically identify the elements of damage plaintiff claims is the result of the alleged conduct by defendant including:

    a. The dates the damage occurred;

    b. The area of the bridge damaged;

    c. The manner in which it occurred;

    d. Identify who was responsible for causing the damage;

    e. Whether any claims against third parties, insurers or others were made as a result of the damage;

    f. Whether the damage was repaired and, if so, when.

    g. Identify any documents, claims files and contents thereof, photographs, videotapes relating to said damage.

8. Identify the elements and amount of damage plaintiff claims as a result of incidents not involving defendant.

9. Identify the number of allision incidents involving the Chelsea St. Bridge since 1985 to present. For each allision state:

    a. The date of the allision;

    b. Whether damage was caused to the bridge, and if so, the extent of damage;

    c. Whether any claim, lawsuit, action or proceeding was made or brought as a result of said allision;

    d. The caption, docket number or other identifying information as to each such claim, lawsuit, action or proceeding identified in c;

    e. The results of any claim, lawsuit, action or proceeding identified in c;

    f. All money collected by plaintiff or any other governmental agency as a result of such allisions.

10. Identify the aggregate of any and all settlements, recoveries or judgments plaintiff or other governmental agencies have collected as a result of allisions with the Chelsea St. Bridge since 1985.

11. Identify the amount of monies collected by plaintiff, as a result of any allisions with the Chelsea St. Bridge since 1985, which have been spent on repairs or needed replacements for the Chelsea St. Bridge. Identify specifically what repairs have been made with the monies.

12. Identify the amount of monies collected by plaintiff, as a result of any allisions with the Chelsea St. Bridge, which have not been spent on any repairs or replacements for the Chelsea St. Bridge.

13. State whether or not plaintiff or any other governmental agency has created a fund or otherwise earmarked monies for the purpose of replacing the Chelsea St. Bridge. If so, state when the fund was created, how funded, and the amounts therein.

14. State all reasons why plaintiff has failed to comply with the United States Coast Guard's Order to Alter the Chelsea Street Bridge made November 23, 1992, a copy of which is attached.

15. State whether and when plaintiff intends to comply with the Coast Guard's Order to Alter dated November 23, 1992.

16. State whether plaintiff ever appealed or otherwise contested the November 23, 1992 Coast Guard's Order to Alter.

17. State whether plaintiff ever notified defendant or any other shipowner of any problems, hazards and/or conditions with respect to the Chelsea St. Bridge.

18. Identify whether there have been any appropriations made by any governmental agency with respect to replacing the Chelsea St. Bridge and the amounts thereof.

19. State exactly and in detail the basis of plaintiff's allegations of negligence against defendant.

20. State whether plaintiff keeps logs for Chelsea St. Bridge, if so, identify custodian of said logs.

21. Identify any complaints received by plaintiff concerning Chelsea St. Bridge since 1985.

22. State whether plaintiff has any tangible evidence it may seek to introduce or refer to at the trial of this case. If so, identify said evidence.

23. State whether plaintiff has surveillance tapes of the Chelsea St. Bridge for any periods, if so, identify the time periods.

Dated: New York, New York
March 28, 2005

Timothy J. Duggan, Esq.
520 Providence Highway, Suite 4
Norwood, MA 02062

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111
Attorneys for Defendant
Reinauer Transportation Co.

By: _____
Gino A. Zonghetti
(GAZ- 2647)

TO: John J. Finn, Esq.
FINN & FINN
34 Chamberlain Street
P.O. Box 154
Hopkinton, MA 01748
(508) 497-5019

## AFFIDAVIT OF SERVICE OF MAIL

STATE OF NEW YORK           )
                            ss:
COUNTY OF NEW YORK          )

Monica Brescia, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Hoboken, New Jersey.

That, upon the 28th day March, 2005, deponent served copies of the within:

NOTICE TO PRODUCE
INTERROGATORIES

UPON:

John J. Finn, Esq.
FINN & FINN
34 Chamberlain Street
PO Box 154
Hopkinton, MA 01748

attorney(s) in this action, at the above address(es), the address(es) designated by said attorney(s) for the purpose by deposition same in a post-paid properly addressed wrapper in a post office official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Monica Brescia

Sworn to before me this
28th day of March, 2005

_____
NOTARY PUBLIC

GINO A. ZONGHETTI
Notary Public, State of New York
No. 31 4981303
Qualified in New York County
Commission Expires May 8, 2007

**EXHIBIT B**

```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------------X
CITY OF BOSTON,
```

      Plaintiff,

  - against-            CIVIL ACTION NO:
                  CV-03-12415-RZW

REINAUER TRANSPORTATION    **NOTICE TO PRODUCE**
COMPANIES, LLC,

      Defendant,
-----------------------------------------------------------------X

  Defendant, Reinauer Transportation Companies, LLC, in the above captioned matter, by their attorneys, Timothy J. Duggan, Esq and Kenny, Stearns & Zonghetti, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that plaintiff produce true and accurate copies of the following documents and permit the defendant to inspect, copy and/or photograph the following documents and things in the possession, custody or control of the plaintiff or any agent of the plaintiff.

  Defendant requests that the following documents and things herein requested be produced at the offices of Kenny, Stearns & Zonghetti, 26 Broadway, New York, New York 10004, within the time set forth in said rules:

1. Any statements, accident reports, incident reports, memoranda, logs, diaries, photographs, tape recordings or other documents relating to the subject matter of this law suit.

2. Any tangible evidence plaintiff claims to be relevant to this law suit.

3. All surveys for damage to the Chelsea St. Bridge since 1985.

4. All incident reports with respect to the Chelsea St. Bridge since 1985.

5. All repair reports with respect to the Chelsea St. Bridge since 1985.

6. Copies of any and all documents reflecting any work performed on the Chelsea St. Bridge since 1985.

7. Any and all documents relating to replacing any part of the Chelsea St. Bridge.

8. Any and all documents relating to the replacing of the Chelsea St. Bridge to comply with the Coast Guard Order of November 23, 1992.

9. All bridge logs indicating contact with the Chelsea St. Bridge since 1985.

10. Any documentation of allision history with the Chelsea St. Bridge.

11. Any and all photographs, videotape, diagrams and/or sketches relating to the plaintiff's damages and the allisions alleged in the Complaint.

12. All written statements, signed or unsigned, of the plaintiff herein, their agents, servants, or employees, and all verbatim written transcripts of all oral statements made by such persons, relating in any way to the allisions alleged in the Complaint.

13. All written statements, signed or unsigned, made by witnesses to the allisions alleged in the Complaint, and all verbatim written transcripts of all oral statements made by such persons, relating in any way to the allisions alleged in the Complaint.

14. All written statements, signed or unsigned, of the defendant, their agents, servants, or employees, and all verbatim written transcripts of all oral statements made by such persons, relating in any way to the allisions alleged in the Complaint.

15. Any documents, writings, letters, correspondence to and from defendant and plaintiff and/or plaintiff's representatives.

16. All insurance policies, including attachments and claims documents, which provide or may provide coverage for indemnification of the plaintiff's alleged damages incurred in the allisions allegedly occurring on:

    a. September 8, 2000.
    b. December 2, 2000;
    c. December 8, 2000;
    d. September 5, 2001;
    e. February 26, 2004.

17. Any documents and/or memos calculating and/or assessing the alleged damages with respect to the allisions allegedly occurring on:

    a. September 8, 2000.

    b. December 2, 2000;

    c. December 8, 2000;

    d. September 5, 2001;

    e. February 26, 2004.

18. Any documents and/or memos relating to Chelsea St. Bridge as a hazard to navigation, including reports, investigations, findings, orders, letters, complaints and memoranda.

19. Any and all documents reflecting claims, lawsuits and/or settlements involving plaintiff and claims regarding the Chelsea St. Bridge.

20. Any documents, writings, letters, correspondence to and from the United States Coast Guard and plaintiff and/or plaintiff's representatives with respect to the Chelsea St. Bridge.

Dated: New York, New York
       March 28, 2005

Timothy J. Duggan, Esq.
520 Providence Highway, Suite 4
Norwood, MA 02602
(718) 762-0077

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111
Attorneys for Defendant
Reinauer Transportation Co.

By: _____
     Gino A. Zonghetti
     (GAZ- 2647)

TO:  John J. Finn, Esq.
      FINN & FINN
      34 Chamberlain Street
      P.O. Box 154
      Hopkinton, MA 01748
      (508) 497-5019

**EXHIBIT C**

# Gino Zonghetti

**From:** John J. Finn [finnjj@verizon.net]
**Sent:** Monday, August 15, 2005 8:28 AM
**To:** Gino Zonghetti
**Subject:** RE: Chelsea Street Bridge Litigation

Gino:

Thank you for the heads up on this. We have been working on the responses and I believe we have most of what we need. I expect to have them done by the end of the week.

John

> -----Original Message-----
> **From:** Gino Zonghetti [mailto:gzonghetti@kszlaw.com]
> **Sent:** Friday, August 12, 2005 2:34 PM
> **To:** John J. Finn
> **Subject:** Chelsea Street Bridge Litigation
>
> John:
>
> Hope all is well with you. We have not received discovery responses, which you have acknowledged are overdue. We are closing in on the point where we will have to file a motion to compel. Hoping to avoid that work and expense. Please let me know if you will be responding to the discovery demands in the near future. Thanks,
>
> Gino A. Zonghetti
> Kenny, Stearns & Zonghetti
> 26 Broadway
> New York, New York 10004
> (212) 422-6111

9/14/2005

# Gino Zonghetti

**From:** Gino A. Zonghetti [gzonghetti@kszlaw.com]
**Sent:** Tuesday, May 24, 2005 12:17 PM
**To:** John J. Finn
**Cc:** Ken Chiarello
**Subject:** Re: CITY OF BOSTON vs. BARGE KTC-60 et al.

John: On another note, we have nothing from you in terms of discovery responses, including initial disclosures. Any idea when we might expect to see something? Thanks, Gino

----- Original Message -----
**From:** John J. Finn
**To:** Kenneth Chiarello ; Gino A. Zonghetti
**Sent:** Tuesday, May 24, 2005 12:55 PM
**Subject:** RE: CITY OF BOSTON vs. BARGE KTC-60 et al.

Dear Ken and Gino:

My guy is ready to go on May 31, and we will plan to meet you and your surveyors at the bridge at 11 a.m.

Regards,
John

-----Original Message-----
**From:** Kenneth Chiarello [mailto:kchiarello@clinmuzyka.com]
**Sent:** Monday, May 23, 2005 3:05 PM
**To:** finnjj@verizon.net; Gino A. Zonghetti
**Subject:** CITY OF BOSTON vs. BARGE KTC-60 et al.

Dear Gentlemen:

Our surveyor, William Palmer, is available on May 31, 2005 for the joint inspection of the Chelsea Street Bridge. It appears that low tide is at 12:39 p.m. I suggest that the surveys and attorneys meet at the Bridge at approximately 11:00 a.m. to discuss the areas of the fendering system to be inspected. Please confirm the date and time of the inspection as soon as possible. Thank you for your cooperation.

Kenneth M. Chiarello
Clinton & Muzyka, P.C.
One Washington Mall, Suite 1400
Boston, MA 02108
Tel: 617-723-9165
Fax: 617-720-3489
Email: kchiarello@clinmuzyka.com

E-MAIL CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying or storage of this message or any attachment is strictly prohibited and shall not compromise or waive such confidentiality, privilege or exemption from disclosure as to this communication.

9/14/2005