UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO: 03-12415-RWZ

_____
                                    )
CITY OF BOSTON,                     )
                                    )
    Plaintiff,                      )
                                    )
V.                                  )
                                    )
REINAUER TRANSPORTATION             )
COMPANIES, LLC,                     )
                                    )
    Defendant.                      )
_____)

**CITY OF BOSTON'S REPLY**

The plaintiff City of Boston hereby replies to the Memorandum of Law of Defendant Reinauer Transportation Companies, LLC in Opposition to Plaintiff's Motion in Limine and in Support of Cross Motion in Limine of Defendant Reinauer Transportation Companies, LLC ("Defendant's Opposition and Cross Motion").

Insofar as the defendant basis its opposition to the application of the Oregon Rule on the contention that the allision in issue was "minor" or "expected," the contention is without merit and must be rejected.

The deposition testimony of City of Boston representatives James Burke (Superintended of Bridge Operation and Maintenance) and Joseph Casazza (Commissioner of Public Works) to the effect that it is not uncommon for vessels passing through the draw of the Chelsea Street Bridge to rest on or scrape against the bridge's fendering system provides no support for the defendant's position that the Oregon Rule does not apply to the allision in issue.  The defendant has produced no evidence demonstrating that such resting or scraping against the

fendering system causes damage to the fendering system or to the vessels involved. More importantly, the defendant has not asserted, and has failed to produce any evidence demonstrating, that the allision in issue was the result of or in any way related to any such resting or scraping against the fendering system. In these circumstances, the deposition testimony relied upon by the defendant is irrelevant and provides no support for its opposition to the application of the Oregon Rule to this incident.[1]

The defendant is the party with the most knowledge of the facts and circumstances extant on board its vessels at the time of this allision, and is also the party with the most knowledge of the extent to which such facts and circumstances caused or played any part in the occurrence of this accident. The Defendant's Opposition and Cross Motion is, however, silent with respect to these crucial issues. That silence creates the very sort of factual vacuum that the Oregon Rule presumption is intended to fill.

The defendant does not, and cannot, maintain that the location of the fendering system differed from that described in 33 C.F.R. 165.120, the regulation creating a safety zone in the waters proximate to the Chelsea Street Bridge. In addition, the defendant does not claim that any condition or circumstance made it impossible on the day of the incident for its vessels to transit the draw of the bridge without striking and damaging the fendering system.

The defendant's opposition to the application of the Oregon Rule to this allision is based on a generalized criticism of the bridge and fendering system.

---

[1] Furthermore, the defendant's counterclaim against the City, in which the defendant asserts that its vessel sustained damages of approximately $50,000 in the allision, contradicts any contention by the defendant that the contact in issue in this action was expected, incidental, routine, or minor.

This approach is too limited and must be rejected. It fails to demonstrate any nexus between the items criticized generally and the occurrence of this allision specifically. Given the defendant's own knowledge of the facts and circumstances on board its vessels at the time of the incident, this failure is fatal.

              Respectfully submitted,

              CITY OF BOSTON

              "/s/John J. Finn"
              John J. Finn, BBO#: 166060
              FINN & FINN
              34 Chamberlain Street
              P.O. Box 154
              Hopkinton, MA  01748
              (508) 497-5019
              finnjj@verizon.net

Dated: November 27, 2006

## Certificate of Service

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 27, 2006.

              "/s/John J. Finn"
              John J. Finn